**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LOVELL MILLER-RAMOS,

Plaintiff,

v.

Case No. 26-cv-13772
Honorable Brandy R. McMillion

JAMIE LYNN GREEN
f/k/a JAMIE LYNN HARRINGTON,

Defendant.
_________________________________ /

**OPINION AND ORDER OF SUMMARY DISMISSAL**

Plaintiff Lovell Miller-Ramos ("Plaintiff" or "Miller-Ramos") brought this *pro se* § 1983 civil rights complaint against his former landlord, Defendant Jamie Lynn Green ("Defendant" or "Green"), alleging that Green unlawfully locked him out of the manufactured home he rented with Green's brother. *See generally* ECF No.1. He has also filed an application to proceed without the prepayment of fees (*in forma pauperis*). ECF No. 2. For the reasons below, the Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*, but Plaintiff's claims are **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.**

Miller-Ramos began a relationship with Green's brother Keith Harrington in 2024. ECF No. 1, PageID.1. The two rented a manufactured home from Green in June 2024 and later married in October 2024. *Id.* at PageID.1-2. From October to December, Green initiated and participated in eviction proceedings in the 42nd District Landlord-Tenant court. *Id.* at PageID.2. On December 9, 2024, Green received a possession judgment, effectively allowing the eviction of Miller-Ramos and Harrington from the home. *Id.* at PageID.3. Harrington vacated the premises on December 24 following a martial breakdown with Miller-Ramos; however, Plaintiff remained at the premises. *Id.* at PageID.2. On January 3, 2025, a writ of eviction was issued by the state court. *Id.* at PageID.3. On June 18, 2025, a court officer executed the writ and Plaintiff alleges he was unlawfully locked out of the property, lost his personal belongings, and lost two dogs. *Id.* As a result of these actions, he obtained a $20,000 surety bond on the premises, which he claims entitles him to possession. *Id.*

Plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983, bringing claims for fraud in the inducement and breach of contract, malicious abuse of process, and statutory unlawful lockout. *Id.* at PageID.4. He seeks title transfer, lien removal, $500,000 in compensatory damages, and punitive and statutory damages. *Id.*

**II.**

Plaintiff filed an Application to Proceed in District Court Without the Prepayment of Fees and Costs (*in forma pauperis*), which, based on his financial status, the Court **GRANTS**. *See* ECF No. 2. Pursuant to 28 U.S.C. § 1915, the Court is required to dismiss an *in forma pauperis* complaint if it determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *Brooks v. Holstege*, No. 16-12501, 2016 WL 3667961, at *1 (E.D. Mich. July 11, 2016). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may dismiss a claim *sua sponte* under 28 U.S.C. § 1915(e)(2)(B) if it is based on a meritless legal theory. *Neitzke*, 490 U.S. at 327.

"[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). "[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183

F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988)).

Courts liberally construe *pro se* civil rights complaints. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, even under this less stringent standard, *pro se* pleadings remain subject to summary dismissal. "The mandated liberal construction…means that if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented." *Baccus v. Stirling*, 2018 WL 8332581, at *1 (D.S.C. Oct. 15, 2018), *report and recommendation adopted*, No. 8:18-CV-1880-JFA-JDA, 2019 WL 978866 (D.S.C. Feb. 28, 2019), *aff'd*, 776 F. App'x 142 (4th Cir. 2019)). "Nor may the Court "conjure up unpleaded facts to support conclusory allegations.'" *Williams v. Hall,* No. 21-5540, 2022 WL 2966395, at *2 (6th Cir. July 27, 2022) (quoting *Perry v. UPS*, 90 F. App'x 860, 861 (6th Cir. 2004)).

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

To state a federal civil rights claim, a plaintiff must allege that he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States by a person acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-56 (1978). However, a complaint can be dismissed "on the basis of an affirmative defense if the facts conclusively establish the defense as a matter of law." *In re McKenzie*, 716 F.3d 404, 412 (6th Cir. 2013).

**III.**

Plaintiff's Complaint is subject to summary dismissal for several different reasons. First, Plaintiff brings this suit pursuant to 42 U.S.C. § 1983. A civil rights actions can only be maintained if Plaintiff alleges he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States. *Flagg Bros.*, 436 U.S. 155-56; *see also Chapman v. Higbee Co.*, 319 F.3d 825, 833 (6th Cir. 2003). The Complaint fails to allege any federal constitutional right or law that has been violated and the Court cannot conjure up allegations to state a claim for relief on Plaintiff's behalf. *Baccus*, 2018 WL 8332581 at *1. But even if he had alleged that a federal constitutional or legal right had been violated,

his claim against Green would fail because he has not alleged that she was acting under the color of state law.

Allegations of private state action can be achieved through the Public Function Doctrine, state compulsion, or a close nexus between the state and the private entity. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Marie v. Am. Red Cross*, 771 F.3d 344, 362 (6th Cir. 2014) (applying the state action tests). Miller-Ramos does not allege any facts to support how Green was acting under the color of state law or as a state actor. He does not provide facts sufficiently demonstrating that the state compelled or significantly encouraged Green's actions, nor does he show a close nexus between the state and Green. Even using state eviction procedures wrongfully, generally does not make a private party a state actor. *See Lugar*, 457 U.S. at 941 (private misuse of a state statute does not describe conduct that can be attributed to the State). Therefore, the Complaint is subject to dismissal.

Second, Plaintiff seeks to have the Court order the Secretary of State to transfer title to Plaintiff and strip all liens from the property. However, the Secretary of State is not a party to the suit. The Court therefore lacks jurisdiction to order them act as a non-party. *See Herrera v. Dep't of Corrections*, No. 5:10-cv-11215, 2011 WL 3862640 at *1, *3 (E.D. Mich. 2011) ("To the extent that plaintiffs seek an

injunction binding officials [] who are not parties to this action, the Court lacks jurisdiction to enter such an injunction.").

Third, the request to transfer title back to Plaintiff is essentially a request to challenge the landlord-tenant court judgment. However, the *Rooker-Feldman* doctrine prohibits this relief. The *Rooker-Feldman* Doctrine provides that lower federal courts do not have subject matter jurisdiction to review final judgments from state courts. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923), *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). To the extent that Miller-Ramos is disputing the validity of the possession judgment or the eviction order, he is entitled to raise those in the appellate jurisdiction of Michigan state courts. This Court is simply not the proper forum and lacks jurisdiction to grant any relief from those orders. *See Obaseki v. 63rd Dist. Ct.*, No. 1:23-CV-409, 2023 WL 4305228, at *2 (W.D. Mich. June 8, 2023), *report and recommendation adopted sub nom. Obaseki v. Rose Lake LLC*, No. 1:23-CV-409, 2023 WL 4295809 (W.D. Mich. June 30, 2023) (Plaintiffs' lawsuit lies outside of this Court's subject matter jurisdiction because it asks this Court to stay and then reverse the state court's order of eviction).

Finally, without federal question jurisdiction under § 1983, that leaves Plaintiff's claims under state law. The Complaint is void of any information that

would confer this Court with jurisdiction over these claims.[1] And district courts have discretion to decline to exercise supplemental jurisdiction over state-law claims if "the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3). Given the dismissal of the claims under § 1983, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law fraud in the inducement, breach of contract, malicious abuse of process, and statutory unlawful lockout claims. The Court dismisses those claims without prejudice and instructs Plaintiff that he can refile those claims in state court if he so desires.

**IV.**

Accordingly, **IT IS HEREBY ORDERED** that Plaintiffs' Complaint (ECF No. 1) does not survive initial screening under 28 U.S.C. § 1915; and the Complaint is therefore **SUMMARILY DISMISSED**.

**IT IS SO ORDERED.**

Dated: October 14, 2026

s/Brandy R. McMillion
Hon. Brandy R. McMillion
United States District Judge

[1] To the extent Plaintiff seeks to assert diversity jurisdiction, the Complaint is void of allegations to confer jurisdiction to this Court. The Civil Coversheet asserts federal question jurisdiction, not diversity jurisdiction. *See* ECF No. 1, PageID.27. The Civil Coversheet identifies the residence of Plaintiff as Ohio and Defendant as Michigan, *id.*, but Plaintiff affirmatively pleads Michigan legal residence in paragraph 9 of the Complaint. *See id.* at PageID.2. The Court therefore does not have sufficient information to invoke diversity jurisdiction over this matter.